[Civ. No. 10203. First Appellate District, Division Two.—December 21, 1936.]

M. J. FRATERS, Appellant, v. E. F. HUTCHINGS, as City Clerk, etc., Respondent.

John T. Wentz and Booth B. Goodman for Appellant.

Albert L. Poe, City Attorney, and C. W. White for Respondent.

NOURSE, P. J.—The petitioner appeals from a judgment sustaining respondent's demurrer and denying the petition for a writ of mandate.

█ A petition seeking the recall of certain city officials was filed with the respondent city clerk more than sixty days after the publication of the notice of intention and statement of the reasons for the proposed recall. The city clerk refused to certify the petition because of the provisions of section 5 of the Act No. 5620a (Deering's General Laws, 1931), which reads in part: "Signatures must be secured and the petition filed as hereafter provided within sixty days from the first publication or posting of the notice of intention." This position of the city clerk was sustained by the trial court, but the appellant attacks the ruling upon the ground that a different time limit is fixed by section 1083c of the Political Code, added in 1935, where it is provided that "No such petition is valid for the purpose for which it was circulated after the expiration of six months from the date the first signature was affixed thereto, unless such petition has been filed with the officer or officers with whom such petition must be filed in accordance with the provisions of law relating to the filing of such petitions."

We find nothing repugnant nor inconsistent in the two statutes. The first provides that the petition *must* be filed within sixty days, the second provides that a petition is not valid for the purpose intended unless filed "in accordance with the provisions of law relating to the *filing* of such petitions". The only provisions of law relating to the time of filing are found in Act No. 5620a.

Section 8 of the latter statute requires the city clerk to examine the petition within fifteen days of the date of filing. If he certifies it insufficient as to the number of signatures, the petition may be supplemented within fifteen days from the date of the certificate by the filing of additional signatures. These provisions further illustrate the importance of the time element and explain the purpose of section 1083c

which renders a petition invalid unless it has been filed in the manner and within the time designated in the earlier statute.

The judgment is affirmed.

Sturtevant, J., and Spence, J., concurred.